IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marion E. Singleton, III, ) | C/A No.0:09-1241-SB-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Kirkland CI, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Marion E. Singleton, III, ("Singleton"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (Docket Entry 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 20.) Singleton filed multiple responses in opposition to the respondent's motion. (See Docket Entries 22, 25, 27, & 28.) Additionally, Singleton filed a cross-motion for summary judgment.[1] (Docket Entries 24 & 26.) Having carefully considered the parties' submissions and the record in this case, the court finds that Singleton's Petition is untimely.

---

[1]Also pending before the court are several motions filed by Singleton seeking to vacate or dismiss his guilty plea and sentence. (Docket Entries 17, 23, 29, & 31.)



# BACKGROUND

Singleton was indicted in August 2003 in Charleston County for possession of crack cocaine (03-GS-10-5102), and in October 2003 in Charleston County for criminal sexual conduct in the first degree (03-GS-10-6639), burglary in the first degree (03-GS-10-6638), and kidnapping (03-GS-10-6640). (Docket Entry 19-2; Docket Entry 19-5 at 4.) Singleton was represented by Todd Stritch, Esquire, and on February 24, 2004, pled guilty to criminal sexual conduct in the first degree, burglary in the second degree (violent offense), kidnapping, and possession of crack cocaine. (Docket Entry 19-1 at 2-9.) The circuit court sentenced Singleton to twenty years' imprisonment for criminal sexual conduct in the first degree, twenty years' imprisonment for kidnapping, fifteen years' imprisonment for burglary in the second degree, and two years' imprisonment for possession of crack cocaine, all sentences to run concurrently. (Id. at 20-21.) Additionally, Singleton's parole was revoked in full for a ten-year sentence, also to run concurrently. (Id. at 21.) Singleton did not file a direct appeal.

On October 25, 2006, Singleton filed a *pro se* application for post-conviction relief ("PCR"). (See Singleton v. State of South Carolina, 06-CP-10-4212; Docket Entry 19-3.) The State filed a return. (Docket Entry 19-4.) On March 6, 2008, the PCR court entered a conditional order of dismissal, giving Singleton twenty days to show cause why his application should not be dismissed for failure to file within the time mandated by statute. (Docket Entry 19-6.) The PCR court issued a final order on August 8, 2008, in which it stated that Singleton had failed to sufficiently respond to the court's conditional order and, accordingly, denied and dismissed with prejudice Singleton's PCR application as untimely. (Docket Entry 19-7.) Singleton did not appeal the dismissal of his PCR application.

PJG

# FEDERAL HABEAS ISSUES

Singleton filed the instant Petition for a writ of habeas corpus on May 12, 2009. (Docket Entry 1.) In his Petition, Singleton raises the following issues:

**Ground One:** Ineffective [Assistance of] Counsel - 6th [Amendment]

**Ground Two:** I took an Involuntary Guilty Plea[.]

(Docket Entry 1 at 5-6.)

# DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere

PJG

allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Statute of Limitations**

The respondent argues that Singleton's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Singleton's conviction became final ten days after February 24, 2004, the date of his sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, his conviction became final on March 5, 2004. Accordingly, the limitations period began to run on March 6, 2004 and expired on March 7, 2005,[2] unless the period was at any time tolled for any properly filed state PCR

---

[2] March 5, 2005 was a Saturday; therefore, Singleton had until the following Monday, March 7, 2005 to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

PJG

application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Although Singleton filed a state PCR application on October 25, 2006, this application was filed over a year and a half (597 days) after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Singleton's PCR action did not toll or revive the already expired statute of limitations for filing his federal habeas action. Moreover, since Singleton's PCR application was untimely under state law, it was not "properly filed" within the meaning of § 2244(d)(2), so it would not have tolled Singleton's federal habeas deadline in any event. See Pace v. DiGugliemlo, 544 U.S. 408, 410 (2005) (finding that a petitioner's petition for writ of habeas corpus was not properly filed within the meaning of § 2254 because the petitioner's state post-conviction petition was dismissed by a state court as untimely).

Singleton's federal Petition was filed on May 12, 2009. Accordingly, Singleton filed his federal habeas Petition over four years after the one-year statutory limitations period expired on March 7, 2005 pursuant to § 2244(d)(1)(A).

Liberally construed, Singleton's responses to the respondent's motion for summary judgment and his cross-motion for summary judgment present numerous arguments pertaining to the merits of his Petition. However, he advances no argument in opposition to the respondent's statute of limitations defense.

*PJG*

## RECOMMENDATION

Based upon the foregoing, the court finds that Singleton's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 18) be granted. In light of the court's recommendation, the court further recommends that Singleton's motions be denied. (Docket Entries 17, 23, 24, 29, & 31.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 19, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).