IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marion E. Singleton, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 0:09-1241-SB |
| ) | |
| Warden, Kirkland CI, ) | **ORDER** |
| ) | |
| Respondent. ) | |

This matter is before the Court upon Petitioner Marion E. Singleton, III's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes the report and recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636(b). In the R&R, Magistrate Judge Gossett recommends that the Court grant the Respondent's motion for summary judgment and deny the Petitioner's various motions. Attached to the R&R was a notice advising the Petitioner of his right to file written objections to the R&R within fourteen days of being served with a copy of that report. See 28 U.S.C. § 636(b)(1). The Petitioner filed timely objections, and the matter is ripe for review.



## BACKGROUND

In August of 2003, the Petitioner was indicted in Charleston County for possession of crack cocaine, and in October of 2003, he was indicted for criminal sexual conduct in the first degree, burglary in the first degree, and kidnapping. Attorney Todd Stritch represented the Petitioner, and on February 24, 2004, the Petitioner pleaded guilty to criminal sexual conduct in the first degree, burglary in the second degree, kidnapping, and possession of crack cocaine. The circuit court sentenced him to twenty years'

imprisonment for criminal sexual conduct in the first degree, twenty years' imprisonment for kidnapping, fifteen years' imprisonment for burglary in the second degree, and two years' imprisonment for possession of crack cocaine, all to run concurrently. In addition, the Petitioner's parole was revoked in full, resulting in a ten-year concurrent sentence. The Petitioner did not file a direct appeal.

On October 25, 2006, Singleton filed a pro se application for post-conviction relief ("PCR"), and the State filed a return. On March 6, 2008, the PCR court entered a conditional order of dismissal, giving the Petitioner twenty days to show cause why the court should not dismiss his application as untimely filed. The PCR court issued a final order on August 8, 2008, finding that Singleton failed to sufficiently respond to the conditional order and dismissing the application with prejudice. Singleton did not appeal the dismissal of his PCR application.

On May 12, 2009, the Petitioner filed the instant section 2254 petition, alleging ineffective assistance of counsel and asserting that his guilty plea was involuntary.

## STANDARD OF REVIEW

### I. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

2

which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## II.     The Magistrate Judge's R&R

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for the objection. Id.

## DISCUSSION

In his motion for summary judgment, the Respondent argues that the instant section 2254 petition is untimely pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). After review, the Magistrate Judge agrees and therefore recommends that the Court grant the Respondent's motion for summary judgment.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a section 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:



(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

3

> State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Additionally, section 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, a state PCR proceeding must be "properly filed' for the statutory tolling provisions of section 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed." Pace v. DiGulielmo, 544 U.S. 408 (2005).

Here, the Petitioner's conviction became final ten days after February 24, 2004, the date of his sentencing, as this was the last date for serving a notice of appeal to the South Carolina appellate courts. Thus, the Petitioner's conviction became final on March 5, 2004, and the limitations period began to run on March 6, 2004, and expired on March 7, 2005. The Petitioner did file a PCR application on October 25, 2006; however, his limitations period had already run at this point. Moreover, the PCR court dismissed the application

4

as untimely, and therefore, it was not "properly filed" pursuant to state law and could not have tolled the limitations period in any event. As the Magistrate Judge noted, the Petitioner did not file the instant petition until May 12, 2009, more than four years after his limitations period expired.

In his objections, the Petitioner incorrectly argues that the AEDPA does not apply to his case and he claims that his petition is not untimely because he filed it within a year of the PCR court's dismissal of his PCR application. After review, the Court finds these arguments to be without merit and overrules these objections. As previously set forth, the one-year period of limitations began to run on March 6, 2004, and expired on March 7, 2005, because at no point during that period was a properly-filed PCR application pending. And although the Petitioner filed a PCR application on October 25, 2006, the one-year period had already expired, and furthermore, the application was dismissed as untimely by the state court and was therefore not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2).

Next in his objections, the Petitioner asserts that he is entitled to equitable tolling because of his attorney's unrelated criminal conduct and arrest. Apparently, the Petitioner's attorney was engaging in criminal activity (unrelated to the Petitioner's case) while he represented the Petitioner. The Petitioner's attorney was ultimately indicted on May 18, 2004, for a conspiracy to distribute cocaine, and he entered a guilty plea on February 18, 2005, and was sentenced to three years' imprisonment. The Petitioner asserts that it would have been futile for him to have filed a direct appeal because of his attorney's circumstances, and he also claims that he was not informed of his right to appeal and that the state court lacked subject matter jurisdiction.

Equitable tolling is available only in "those rare instances where--due to

5

circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832 (2004); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Moreover, equitable tolling is an extraordinary remedy that must be applied sparingly. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). "To be entitled to equitable tolling, [the Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327 (2007).

Here, after review, the Court finds that the Petitioner is not entitled to equitable tolling because he has failed to show that he has been pursuing his rights diligently when he waited more than four years after the expiration of the limitations period (and after the conclusion of his attorney's criminal proceedings) to file the instant petition. Although the Petitioner filed a state PCR application, it was filed almost a year and eight months after his conviction became final and was not "properly filed" under state law. Moreover, nowhere in his PCR application did the Petitioner contend that his attorney failed to file a timely appeal or that he failed to inform him of the right to file an appeal. Rather, when asked why he did not file a direct appeal, the Petitioner wrote that he "was in the ICS Program under mental health" and was "unable until now" to file. (Entry 19-3 at 3.) In addition, as grounds for relief, the Petitioner asserted that his attorney failed to investigate the case, but he never asserted that he would have filed a direct appeal had his counsel informed him of the right or had his counsel not been indicted for unrelated criminal

6

behavior. Despite the Petitioner's complaints about his attorney's unrelated criminal conduct, the Petitioner has not shown that such conduct stood in his way or prevented him from timely filing the instant section 2254 petition.[1]

## CONCLUSION

Based on the foregoing, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and therefore, it is hereby

**ORDERED** that the R&R (Entry 32) is adopted in whole; the Petitioner's objections (Entry 34) are overruled; the Respondent's motion for summary judgment (Entry 18) is granted; and the Petitioner's motions (Entries 17, 23, 24, 29, 31, and 34) are denied.[2]

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

July 20, 2010
Charleston, South Carolina

---

[1] Moreover, the Court finds that Holland v. Florida, 539 F.3d 1334 (11th Cir. 2008), a case relied upon by the Petitioner, actually undermines his argument, in that the Eleventh Circuit Court of Appeals in Holland found that a defendant was not entitled to equitable tolling based on his attorney's negligence or gross negligence, where the attorney did not make any affirmative misrepresentations to the defendant. Here, the Petitioner has not asserted that his attorney made any affirmative misrepresentations to him about the filing of a timely petition.

[2] Because the Court does not find that the Petitioner has made a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability. See Rule 11(a) of the Rules Governing § 2254 Cases In the United States District Courts; 28 U.S.C. § 2253(c)(2).